UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RALPH T. ELLIOTT,

                        Plaintiff,                       **REPORT AND RECOMMENDATION**

    v.                                           24-CV-6481

JOSE JAQUEZ & MASTER                         (Brodie, C.J.)
MOVEMENT LLC,                                    (Marutollo, M.J.)

                        Defendants.
------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       This case arises out of a February 12, 2021 motor vehicle accident between Plaintiff Ralph T. Elliott and Defendants Jose Jaquez and Master Movement LLC ("Master Movement") (collectively, "Defendants"), in Brooklyn, New York. *See* Dkt. No. 1 at ¶ 2. Plaintiff initially filed suit in the Supreme Court of the State of New York, Kings County, on August 21, 2023. *See id.* at 6-12.[1] Over a year later, on September 16, 2024, Defendants removed Plaintiff's state court lawsuit to the United States District Court for the Eastern District of New York. *See id.* at ¶¶ 1-10.

       Presently before the Court, on a referral from the Honorable Margo K. Brodie, Chief Judge of the United States District Court for the Eastern District of New York, is Plaintiff's motion, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Supreme Court of the State of New York, Kings County. *See generally* Dkt. No. 9; Referral Order dated Dec. 12, 2024. In support of his motion, Plaintiff argues that Defendants failed to plead complete diversity jurisdiction between the parties, failed to attach the necessary the filings to his removal application, and failed to remove

---

[1] Page citations are to the ECF-stamped pages.

in a timely fashion. *See* Dkt. No. 9-19. Defendants oppose Plaintiff's motion. *See generally* Dkt. No. 12.

For the reasons set forth below, the undersigned respectfully recommends that the Court grant Plaintiff's motion and that this action be remanded to the Supreme Court of the State of New York, Kings County.[2]

## I. Relevant Background

### A. Factual Background

Plaintiff alleges that on February 12, 2021, Mr. Jaquez was operating a truck leased to him by Master Movement. Dkt. No. 1 at 8-10. Plaintiff alleges that on that date, the truck—while under the operation of Mr. Jaquez and within the scope of his employment—came into contact with Plaintiff's vehicle in front of 188 Rockaway Avenue in Brooklyn, New York. *Id*. at 10. Plaintiff further alleges that he suffered serious and permanent injuries as a result of the collision, which purportedly was due entirely to Defendants' negligence, carelessness, and recklessness. *Id.* at 10-11.

On October 3, 2022, Defendants' insurance carrier, Progressive, offered Plaintiff $75,000 to resolve the dispute. Dkt. No. 9-2 at 2. Plaintiff rejected this offer. *Id.*

### B. Procedural History

On August 21, 2023, Plaintiff filed this action against Defendants in the Supreme Court of the State of New York, Kings County. Dkt. No. 1 at 7-11. In his Summons and Complaint, Plaintiff did not specify a dollar amount for damages but stated that he sustained an economic loss "greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State

---

[2] Arjit Roshan, a judicial intern who is a second-year law student at The George Washington University Law School, is gratefully acknowledged for his assistance in the research and drafting of this Report and Recommendation.

2

of New York."[3] *Id.* at 10.  Plaintiff further asserted that he "is entitled to damages, in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction." *Id.* Plaintiff asserted he was "entitled to damages in the sum which exceeds the sum or value established by 28 [U.S.C.] §1332(a) exclusive of interests and costs." *Id.*

On October 6, 2023, a claims adjustor from Defendants' insurance carrier called Plaintiff, and "advised that he currently had $300,000 in settlement authority." Dkt. No. 9-1 at 3.  According to Defendants, Plaintiff responded by demanding $750,000, the full policy limit.  *Id.*

After Plaintiff refused the settlement offer by Defendants' insurance carrier, Defendants filed their answer in state court on October 11, 2023, twenty-one days after the filing of initial Complaint.  Dkt. No. 1 at 15.  In their Answer, Defendants denied Plaintiff's allegations. *See id.* Defendants invoked, as affirmative defenses, N.Y. C.P.L.R. § 4545(c), N.Y. Ins. Law. §§ 5102-03, contributory negligence and assumption of risk, failure to state a claim, and the Supreme Court of the State of New York's lack of personal jurisdiction. *See id.* at 16.  On the same date, the Kings County Clerk of Court filed Defendants' Notice to Take Deposition Upon Oral Examination, as well as Defendants' demands for a Verified Bill of Particulars, Collateral Source Information, general Information, Witnesses, and a Statement of Damages.  *Id.* at 19-32.

According to Plaintiff, on January 3, 2024, the parties had another telephone conversation whereby Plaintiff reiterated his $750,000 demand.  Dkt. No. 9-1 at 4.  Once again failing to come to a settlement, both parties proceeded with litigation.  *Id.*  Plaintiff served Defendants with a Verified Bill of Particulars on or about February 20, 2024.  *Id* at ¶ 14.  According to Plaintiff, this document stated that he incurred "approximately $120,000.00 to date and counting" in medical care and attention, and further that he would "provide any future expenses for medical care and

---

[3] Section 5102(a) defines "basic economic loss" as "up to fifty thousand dollars per person" for the combination of expenses defined in the same statute.  N.Y. Ins. Law § 5102(a).

3

attention upon discovery." *Id.* at ¶ 15.[4] Defendants, however, maintain that they have not yet received a Statement of Damages. Dkt. No. 12 at 2. On August 15, 2024, Plaintiff emailed Defendants claiming damages "at the 750k limits."[5] Dkt. No. 1 at 36.

On September 16, 2024—over one year after the filing of the Complaint in state court (Dkt No. 1 at 7), over six months after Plaintiff reportedly served a Bill of Particulars, and thirty-two days after Plaintiff's email demanding $750,000 (*id.* at 36), Defendants removed the proceedings to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. No. 1 at 2. Defendants state that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.*; *see also* Dkt. No. 2 at 1.

Defendants claimed complete diversity of the parties in part by stating that Master Movement "was and is a New Jersey, limited liability company with its principal place of business located at 61 Herbert Drive, East Brunswick, New Jersey, 08816." Dkt. No. 1 at 1. Defendants added that the amount in controversy exceeds $75,000. *See id.* at 3.

### B. Plaintiff's Motion

On September 23, 2024, Plaintiff filed a letter to the Court arguing that the Notice of Removal was untimely. Dkt. No. 7 at 2. Plaintiff noted that over a year had passed since Defendants were served with the Summons and Complaint and requested that the undersigned *sua sponte* remand this action to the Supreme Court for the State of New York, Kings County.[6] *Id.* at

---

[4] There appears to be an upload error in Plaintiff's Exhibit, with the docket entry that Plaintiff points to containing several blank and repeated pages. *See* Dkt. No. 9-7. The language Plaintiff refers to is not reflected on the docket. *Id.* Defendants, however, do not contest receiving this language. *See* Dkt. No. 12 at 6.

[5] This is in reference to the Insurance Policy limits of Defendant. *See* Dkt. No. 9-1 at 3.

[6] Plaintiff requested this Court to "remand this matter *sua sponte*[.]" Dkt. No. 7 at 2. To be precise, when a party requests a remand within 30 days of the filing of removal, it is properly characterized as motion to

4

2. In the same letter, Plaintiff requested a stay of the instant proceedings and an adjournment of the initial conference. *Id.* at 1. The undersigned ordered Plaintiff to re-file his letter as a motion, which Plaintiff did on October 15, 2024. *See* Text Order dated Sept. 30, 2024; Dkt. No. 9.

In his motion, Plaintiff argues that this case should be remanded to the New York State Supreme Court, Kings County, on jurisdictional and procedural grounds. Dkt. No. 9-19 at 7-8. On the jurisdictional front, Plaintiff argues that Defendants failed to "establish a basis for removal" because they did not adequately plead complete diversity. *See id.* at 11-13. Plaintiff maintains that "in order to establish diversity of citizenship of [Master Movement], defense counsel would have had to allege that all of the members of [Master Movement] were residents of a state other tha[n] New York." *Id.* at 13.

On the procedural front, Plaintiff first highlights that Defendants failed to attach copies of all process, pleadings, and orders served upon them in the State Court action as required by 28 U.S.C. § 1446(a). *See id.* at 9-11. Second, Plaintiff argues that Defendants' removal was procedurally defective because it was untimely under 28 U.S.C. § 1446(b)(1). *See id.* at 13-19. Plaintiff adds that Defendants' removal would also be untimely under 28 U.S.C. § 1446(b)(3) because the limitations period was not tolled (*see id.* at 19-22),[7] and further that the removal was

---

remand the case under 28 U.S.C. § 1447. While the Court may remand at any time for lack of subject matter jurisdiction, this Report and Recommendation concerns a grant of a motion to remand, rather than a remand that is *sua sponte*. Plaintiff's later request to remand pursuant to 28 U.S.C. § 1447(c) was the proper characterization of this action. Dkt. No. 9-19 at 7.

[7] Plaintiff argues that his email requesting $75,000 (Dkt. No. 1, Exhibit 4, at 36) did not establish removability because it "only states the amount of Plaintiff's settlement demand for the policy limit, not the total amount of damages alleged by Plaintiff." Dkt. No. 9-19, at 19-22. As a result, Plaintiff contends that removal deadlines should not be tolled from that email. *See id.* Whether the email established removability is not an issue that needs to be discussed, because the initial pleading was removable as discussed below. The undersigned notes, however, that Defendants' removal was thirty-two days after the email and would thus be untimely under the thirty-day limits of 28 U.S.C. § 1446(b)(3). Additionally, because Defendants failed to establish any basis for bad-faith, removal is further barred by the one year limit in § 1446(c)(1).

5

over one year from the service of the Complaint, rendering it untimely under 28 U.S.C. § 1446(c)(1). Dkt. No. 13 at 4; Dkt. No. 9-19 at 22-23.

On November 6, 2024, Defendants filed their opposition to Plaintiff's motion. *See generally* Dkt. No. 12. Defendants restate that Master Movement "was and is a New Jersey, limited liability company with its principal place of business located at 61 Herbert Drive, East Brunswick, New Jersey, 08816" (Dkt. No. 12 at 3), resulting in complete diversity under 28 U.S.C. § 1332(a). *Id.* Defendants also argue that it was "impossible to determine whether the action [was] removable from Plaintiff's vague statement in the Complaint that his damages exceed the jurisdictional limits of 28 U.S.C. § 1332(a)" and therefore did not trigger the thirty day time limit for removal. *Id.* at 6. Defendants add that the deadline under 28 U.S.C. § 1446(c)(1) is inapplicable because Plaintiff's "gamesmanship" amounted to "bad faith" under the same section. *Id.* at 7-9.

## II. <u>Legal Standards</u>

### A. Removal

"The federal district courts, as courts of limited jurisdiction, possess only such authority as is conferred by an act of Congress." *Portillo v. Bharara,* 527 F. App'x 48, 49 (2d Cir. 2013). "The right to remove a state court action to federal court on diversity grounds is statutory[.]" *Somlyo v. Lu-Rob Enters., Inc.,* 932 F.2d 1043, 1045-46 (2d Cir. 1991). "Federal removal jurisdiction is limited under [28 U.S.C. § 1441(a)], to actions which could have been brought originally in federal courts[.]" *Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 7 (1989). Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Jurisdiction pursuant to 28 U.S.C. § 1332(a) requires

6

complete diversity between all plaintiffs and defendants. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

The procedures and requirements for removal pursuant to 28 U.S.C. § 1441 are found in Section 1446 of the same title. *See Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharms., Inc.,* 906 F.3d 260, 266 (2d Cir. 2018) (clarifying that Section 1446 "merely defines the procedures relating to removal[.]"). Section 1446(a) requires that a defendant establish the "grounds for removal and attach a copy of all process, pleadings, and orders served upon them" in the prior state litigation. Furthermore, Section 1446(b) requires that a defendant remove an action within thirty days of receiving the initial pleading or service of summons, or after receipt of a pleading "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Although not jurisdictional, the thirty-day filing deadline is "mandatory" and "rigorously enforced." *Somlyo,* 932 F.2d at 1046.

Section 1446(c)(1) requires that litigants seeking removal exclusively under Section 1332 diversity jurisdiction may not be brought more than one year "after commencement of the action, unless the district court finds the plaintiff acted in bad faith in order to prevent a defendant from removing the action." To fall within the "bad faith" exception, a party must establish "a specific desire to prevent removal." *Marin v. Sephora USA, Inc.,* No. 21-CV-3520 (CM), 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020). Courts in the Second Circuit "have declined to infer strategic conduct and excuse an untimely removal where plaintiffs have failed to answer multiple requests for damages[.]" *Id.* (quoting *Martinez v. Yordy,* No. 16-CV-005 (BMC), 2016 WL 8711443, at *2-*3 (E.D.N.Y Feb. 19, 2016)).

**B.     Remand**

Section 1447(c) of Title 28 provides for procedures after removal. *See Lupo v. Human Affairs Int'l,* 28 F.3d 269, 271 (2d Cir. 1994). Section 1447(c) requires that "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A defendant's failure to plead subject matter jurisdiction is also a procedural defect under Section 1446(a), which requires that the defendant provide the grounds of removal. Where a defendant has not met its burden of establishing this Court's jurisdiction in removing an action, remand is generally the appropriate measure under both Section 1447(c) and Section 1446(a). *See, e.g., Lupo,,* 28 F.3d at 274 (ordering the district court to remand where the defendant failed to establish subject matter jurisdiction ); *Silva v. Sunrise of Dix Hills,* No. 22-CV-6675 (JS) (LGD), 2024 WL 4242140, at *5 (E.D.N.Y. Sept. 19, 2024); (remanding where the defendant failed to establish the amount in controversy); *Diallo v. Puerta,* No. 23-CV-9452 (PKC) (MMH), 2024 WL 640066, at *4 (E.D.N.Y. Feb. 15, 2024) (same); *Williams v. CVS*, No. 25-CV-655 (EK) (VMS), 2025 WL 486656, at *1-*2 (E.D.N.Y. Feb. 13, 2025) (same).

A defendant's failure to establish diversity jurisdiction alone, however, does not require remand. *See Durant, Nichols, Hous., Hodgson, & Cortese-Costa, P.C. v. Dupont,* 565 F.3d 56, 64 (2d Cir. 2009) ("the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements."); *Marin*, 2020 WL 3999711 at *5 ("While a procedural defect in removal does not deprive a federal court of jurisdiction, courts construe removal statutes strictly and resolve doubts in favor of remand."). Accordingly, a district court has discretion to order jurisdictional discovery where removal "improperly pleaded citizenship." *Platinum-Montaur Life Scis., LLC v. Navidea Biopoharmaceuticals, Inc.,* 943 F.3d 613, 615, 617-618 (2d Cir. 2019). Nonetheless, the Second Circuit has cautioned against

"prolonged preliminary litigation" over removal where the defendant "failed in the first instance to aver a proper jurisdictional basis for removal." *Lupo,* 28 F.3d at 274.

Where the defendant fails to follow the deadlines and other procedural requirements provided in Section 1446, courts in this Circuit have held that remand is generally the appropriate measure. *See, e.g., Puerta*, 2024 WL 640066, at *4 (remanding in part because of defendant's failure to attach a copy of state court proceedings); *N.Y. State Cnty. of Nassau Sup. Ct. v. Powell,* No. 18-CV-4079 (JFB) (AYS), 2018 WL 9986665, at *2 (E.D.N.Y. Aug. 8, 2018) (remanding where the defendant's filing was "incoherent" and missing a copy of state court proceedings); *Bank of Am. v. Angona*, No. 14-CV-1643 (JG), 2014 WL 1515559, at *2-*3 (E.D.N.Y. Apr. 18, 2014) (ordering remand *sua sponte* because of defendant's untimely filing and failure to attach a copy of all state proceedings). The Second Circuit has cautioned courts in this district to "construe the removal statute narrowly, resolving any doubts against removability." *Somlyo,* 932 F.2d at 1045-46.

### III. Discussion

#### A. There is No Basis for Jurisdiction Under Section 1332

Removal jurisdiction is limited to cases where the Court would have original jurisdiction, *Brewer,* 493 U.S. at 7 (1989), and a defendant's notice of removal must establish the "grounds for removal." 28 U.S.C. § 1446(a). Therefore, where a removing party seeks to invoke this Court's diversity jurisdiction, its notice of removal must set forth each party's "residence and domicile and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332[.]" Loc. Civ. R. 81.1.

Where a party named is a limited liability company, the notice of removal must set forth "like information for all of its partners or members, as well as the state or other jurisdiction of its

9

formation" (*id.*), as an LLC is "generally a citizen of each state in which any of its members is a citizen" for diversity citizenship purposes. *Kruglov v. Copart of Conn., Inc.,* 771 F. App'x 117, 118 (2d Cir. 2019). Where a defendant seeks to remove a case based on diversity jurisdiction, it bears the burden of establishing that the requirements of diversity jurisdiction have been met. *Lachmanaya v. Rocky Towing, LLC,* No. 23-CV-133 (DLI) (PK), 2023 WL 2329855, at *1 (E.D.N.Y. Mar. 2, 2023) (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)).

Here, Defendants did not plead the citizenship of the members of Master Movement, and therefore have not met their burden of establishing complete diversity between themselves and the Plaintiff. *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square,* 30 F.3d 298, 302 (2d Cir. 1994). With respect to Master Movement's citizenship, the Notice of Removal only states that it "was and is a New Jersey, limited liability company with its principal place of business located at 61 Herbert Drive, East Brunswick, New Jersey, 08816." Dkt. No. 1 at 1. Assertions of the jurisdiction in which an LLC was formed, however, is not sufficient for establishing whether that LLC is in complete diversity a party to an action because an LLC is not incorporated; the "principal place of business" does not determine where an LLC is domiciled for jurisdictional purposes. *Navidea,* 943 F.3d at 615; *Pena v. Osaigbovo*, No. 24-CV-3430 (VSB), 2024 WL 3666379, at *2 (S.D.N.Y. Aug. 6, 2024).

As the Second Circuit has explained, "[u]nlike a corporate entity whose citizenship is determined by its place of incorporation or its principal place of business, the citizenship of an unincorporated association . . . is determined by the citizenship of *each* of its members." *Centermark Props. Meriden Square,* 30 F.3d at 302. Because citizenship of an LLC is determined by its members, Defendants fail to establish complete diversity under Section 1332 by failing to include the citizenship of the members of Master Movement. *See Caterpillar,* 519 U.S. at 68 ("this

court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship."); *see also New S. Ins. Co. v. Cap. City Movers LLC*, No. 20-CV-4087 (JPC), 2022 WL 624423, at *1 (S.D.N.Y. Mar. 2, 2022) (explaining that the "Complaint fails [] to properly allege the citizenship of the two LLC [d]efendants").

Moreover, by failing to establish complete diversity, Defendants fail to establish "the grounds of removal" under 28 U.S.C. §1446(a). Consequently, Defendants provide no basis for this Court to assume subject-matter jurisdiction. *Navidea,* 943 F.3d at 618 (holding that where neither "the state-court pleadings, the notice of removal, or the record as a whole reflected that the parties were completely diverse" the district court did not have the power to proceed to the merits of the case); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (holding that the burden of persuasion for establishing diversity lays on the party asserting it, and where challenged, the parties must support their allegations by competent proof.). Defendants' deficient pleadings concerning diversity and subject matter jurisdiction thus provide bases for remand under both Section 1447(c) and Section 1446(a). *See, e.g., Lupo,* 28 F.3d at 274 (ordering the district court to remand where the defendant failed to establish subject matter jurisdiction ); *Silva*, 2024 WL 4242140, at *5 (remanding where the defendant failed to establish the amount in controversy and therefore Section 1332 jurisdiction) ; *Diallo*, 2024 WL 640066, at *4 (same); *Williams*, 2025 WL 486656, at *1-*2 (same).

Furthermore, jurisdictional discovery is not appropriate. As background, a defendant's failure to establish diversity jurisdiction does not always require remand, "for the actual for the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements." *Dupont,* 565 F.3d at 64 (quoting *Jacobs v. Patent Enforcement Fund, Inc*., 230 F.3d 565, 568 (2d Cir. 2000)). "When the record as a whole, as

11

supplemented, established the existence of the requisite diversity of citizenship between the parties," the Court may constructively "deem the pleadings amended to allege diversity jurisdiction." *Id.* (quoting *Canedy v. Liberty Mutual Insurance Co*., 126 F.3d 100, 103 (2d Cir. 1997)).

The Second Circuit has affirmed that courts have discretion to order jurisdictional discovery where removal "improperly pleaded citizenship." *Navidea,* 943 F.3d at 617-18 (citing *Centermark Properties Meriden Square, Inc.* 30 F.3d at 302-03). This discretion, however, should be exercised with caution, *id.* (citing *Lupo.,* 28 F.3d at 274), and courts disfavor extensive inquiry into removability where the defendant "failed in the first instance to aver a proper jurisdictional basis for removal." *Lupo,* 28 F.3d at 274; *see also Marin*, 2020 WL 3999711, at *5.

Here, and as noted above, Defendants simply restated that Master Movement "was and is a New Jersey, limited liability company with its principal place of business located at 61 Herbert Drive, East Brunswick, New Jersey, 08816." Dkt. No. 12, at 3. Nothing before the Court establishes an inference that complete diversity exists between Plaintiff and Defendants. Even if the Court were to order jurisdictional discovery and find complete diversity existed between the parties, removal based on diversity alone is barred at this stage by 28 U.S.C. §1446(c)(1) due to the absence of any bad faith on behalf of Plaintiff, as discussed below. Accordingly, the undersigned respectfully recommends that jurisdictional discovery is not warranted here, and that the action be remanded to state court.

    **B.**    **Defendants' Removal Was Procedurally Defective**

A defendant's notice of removal must establish the "grounds for removal and attach a copy of all process, pleadings, and orders served upon them" in the prior state litigation. 28 U.S.C. § 1446(a). Further, a defendant must seek to remove a civil action within thirty days of receiving

12

the plaintiff's initial pleading that establishes removability under 28 U.S.C. § 1446(b)(1), or after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b)(3).

Removals based on diversity jurisdiction under section (b)(3) must be within one year after the filing of the initial action unless "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The removing party must plead facts establishing diversity jurisdiction in the removal petition, including the amount in controversy and the address of each party, which in turn triggers the limit under Section 1446(b). *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 206 (2d Cir. 2001). With respect to the amount in controversy, the Second Circuit has held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d. Cir. 2010); *Cutrone v. Mortg. Elec. Registration Sys.,* 749 F.3d 137, 138 (2d Cir. 2014) ("removal 'clocks' of 28 U.S.C. § 1446(b) are not triggered until the plaintiff files a document that explicitly specifies the amount of damages sought[.]"). Once the removal clock is triggered, its procedural deadlines are rigorously enforced. *Somlyo,* 932 F.2d at 1046.

Here, remand is appropriate for several reasons. First, Defendants did not attach all the prior court orders in the state litigation, rendering removal procedurally defective under Section 1446(a). *Powell*, 2018 WL 9986665, at *2 (remanding where the defendant's filing was "incoherent" and missing a copy of state court proceedings); *Puerta,* No. 23-CV-9452, 2024 WL 640066, at *4 (remanding in part because of the defendant's failure to attach a copy of state court proceedings). A review of the Defendants' Removal (Dkt. No. 1) confirms Plaintiff's claim that

13

Defendants did not attach state-court orders which had been previously served on them in the state litigation, including the Preliminary Conference Order (Dkt. No. 9-6), the Compliance Order (Dkt. No. 9-8), and the Order granting Plaintiff's Motion for Summary Judgement against both Defendants on the issue of Liability and Striking the Affirmative Defenses of contributory negligence, culpable conduct, assumption of risk and failure to use a seat belt on August 6, 2024 (Dkt. No. 9-12). *See generally* Dkt. No. 1. Because attachment of these orders was required per 28 U.S.C. § 1446(a), Defendants' failure to include them in their removal notice is grounds for remand. 28 U.S.C. § 1446(a); Diallo, 2024 WL 640066, at *4; *Powell,* 2018 WL 9986665, at *2; *Marie-Dessisso v. JP Morgan Chase Bank, N.A.,* No. 15-CV-5152 (WFK), 2015 WL 5732127, at *2 (E.D.N.Y. Sept. 28, 2015).

Second, the removal was untimely under Section 1446(b)(1). To trigger the removal clock for removal based on diversity, a plaintiff's pleading must state the parties' addresses and the amount in controversy. *See Whitaker*, 261 F.3d at 206. Plaintiff provided the requisite address in the state-court Complaint. Dkt. No. 1 at 7. Thus, the Court must focus its inquiry on whether the jurisdictional threshold that Plaintiff provided in that Complaint—in lieu of a dollar amount in a Statement of Damages that Defendants requested (Dkt. No. 1 at 31, 21)—was sufficient for Defendants to intelligently ascertain the amount of controversy, and thus removability. *See Moltner*, 624 F.3d at 38 ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought").

Courts in this Circuit have found that pleading damages with reference to a jurisdictional threshold is sufficient for the defendant to intelligently ascertain removability. *See Reid*, 2021 WL 8323591, at *3-*4 (finding that where the plaintiff's verified complaint claimed damages "which satisfies diversity jurisdiction of the Federal Courts" the defendants could ascertain removability);

14

*Walker v. Everett L. James & M&S Transp. Inc.*, No. 23-CV-7895 (KPF), 2024 WL 3342226, at *5 (S.D.N.Y. July 8, 2024) (holding that where a pleading stated that it sought "an amount which exceed the jurisdictional limits of lower courts in excess of seventy-five thousand dollars" the defendant was on notice of the removability of the case). Further, the Second Circuit has adopted a bright-line rule that the removal clock starts "when the complaint explicitly discloses the plaintiff is seeking damages in excess of the *federal jurisdictional amount*." *Moltner,* 624 F.3d at 38 (adopting *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)) (emphasis added).

Here, the initial Complaint asserts that "[P]laintiff is entitled to damages in the sum which exceeds the sum or value established by 28 [U.S.C.] §1332(a) exclusive of interests and costs." Dkt. No. 1 at 10. This language unequivocally conveys that Plaintiff seeks damages in excess of the threshold amount in controversy to ascertain removability under diversity jurisdiction. *See Moltner*, 624 F.3d at 38; *Reid v. Blair*, No. 21-CV-8870 (AJN) (SDA), 2021 WL 8323591, at *3-*4 (S.D.N.Y. Dec. 14, 2021) (finding that where the plaintiff's verified complaint claimed damages "which satisfies diversity jurisdiction of the Federal Courts" the defendants could ascertain removability); *Walker*, 2024 WL 3342226, at *5 (holding that where a pleading stated that it sought "an amount which exceed the jurisdictional limits of lower courts in excess of seventy-five thousand dollars" the defendant was on notice of the removability of the case). Thus, the thirty-day period under 28 U.S.C. § 1446(b)(1) governs Defendants window to remove the action to this Court. As the initial pleading was filed in state court on August 21, 2023 (Dkt. No. 1 at 6) Defendants were required to remove the action to this Court by September 20, 2023 under Section 1446(b)(1) but failed to do so. Defendants' notice of removal was thus untimely, requiring remand of this action. *See Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 150 (2d Cir. 2023) (affirming remand where the case was not timely removed within thirty days of such removal being

15

ascertained); *Campbell v. Wynn Transp., Inc.*, 747 F. Supp. 3d 486, 488 (E.D.N.Y. 2024) (remanding case that was untimely removed); *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 392 (S.D.N.Y. 2009) (collecting cases of untimely removal from ascertainable removal grounds).

Third, regardless of the removability of the initial pleading, removal based on any amended pleadings under Section 1446(b)(3) is barred by the one-year limitation under Section 1446(c)(1) in the absence of "bad- faith" on behalf of Plaintiff.[8] *Marin*, 2020 WL 3999711, at *6. As an initial note, the bad faith exception does not apply to the thirty-day timeline set forth in 28 U.S.C. § 1446(b)(1). *See Walker*, 2024 WL 3342226, at *5 (concluding that that the bad faith exception does not apply to the thirty day removal clock "flows logically from the text of the statute itself" and that nowhere in §1446(b)(1) is there any indication that the [thirty-day] timeline should be read in a qualified manner."). As discussed above, the initial pleading was removable and thus only Section 1446(b)(1) controls.

Defendants argue that the Plaintiff acted strategically and in bad faith to prevent them from meeting the removal deadline by failing to timely disclose damages. Dkt. No. 12 at 7-9. Defendants further argue that by "purposely not enumerating a specific dollar amount" and instead referencing the amount in controversy threshold of Section 1332, Plaintiff attempted to trigger the removal clock in bad faith. *See id.* at 9.

Courts in this Circuit have found "bad faith" warranting an extension of the removal clock "where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from

---

[8] Because the initial pleading was removable, discussion concerning removability based on an amended pleading, motion, or order under Section 1446(b)(3) are of no moment here. *See* Dkt. No. 9-19 at 18-22 (arguing that the Verified Bill of Particulars, but not the email demanding $750,000, triggered the removal clock). Nevertheless, and because the bad faith exception of Section 1446(c)(1) does not apply, removal based on an amended pleading would plainly fail the one year time limit of the same subsection.

16

state court." *Ehrenreich v. Black,* 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) (refusing the defendants' argument that joinder of a non-diverse defendant amounted to bad faith and remanding to state court). "For this assessment, the defendant bears the burden of proving a plaintiff's bad faith conduct by clear and convincing evidence." *Mcghee-Lewis v. Target Corp.,* No. 23 CC 7440 (DG) (RML), 2024 WL 3813321, at 3 (E.D.N.Y. July 11, 2024) (quoting *Mojica v. Walmart Stores E., LP,* No. 23 CV 214, 2023 WL 3259983, at 2 (E.D.N.Y. May 4, 2023) (internal quotations omitted)). The "bad faith" exception is not available where the plaintiff's actions "do not evince a specific desire to prevent removal," and courts "have declined to infer strategic conduct and excuse for untimely removal where plaintiffs have failed to answer multiple requests for damages." *Marin*, 2020 WL 3999711, at *6 (quoting *Martinez*, 2016 WL 8711443, at *2-*3); *but see McGhee-Lewis*, 2024 WL 3813321 at *3 ("Courts in the Second Circuit have found bad faith where plaintiffs' attorneys have failed to respond to numerous requests over prolonged periods without explanation.").

Here, Defendants fail to establish that Plaintiff acted in bad faith. Defendants assert that the language in Plaintiff's Complaint was an attempt to trigger the removal clock "by design." Dkt. No. 12 at 9. But as discussed above, the language invoked by Plaintiff provided Defendants an opportunity to intelligently ascertain removability, thus triggering the removal clock. *See e.g. Whitaker*, 261 F.3d at 205-06 ("A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading[.]" (internal quotations omitted)); *Reid*, 2021 WL 8323591, at *3-*4; *Walker*, 2024 WL 3342226, at *5 (holding that where a pleading stated that it sought "an amount which exceeds the jurisdictional limits of lower courts in excess of seventy-five thousand dollars" the defendant was on notice of the removability of the case).

17

Moreover, Defendants fail to carry their burden in proffering clear and convincing evidence that "plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal" which might rise to the level necessary in showing bad faith under Section 1446(c)(1). Rather, Defendants' allegations are conclusory and rooted in speculation. *See Cruz v. Stop & Shop Supermarket Co. LLC*, No. 19-CV-11565 (RA), 2020 WL 3430193, at *4 (S.D.N.Y. June 23, 2020) (rejecting appeal to bad faith exception where there was no evidence of bad faith on behalf of the plaintiff); *Khakimova v. Acme Markets, Inc.*, No. 20-CV-02734 (ARR) (PK), 2020 WL 5511537, at *4 (E.D.N.Y. Sept. 14, 2020) (same); *see also Nocelli v. Kaiser Gypsum Co., Inc.*, No. 19-CV-1980 (RA), 2020 WL 230890, at *5 (S.D.N.Y. Jan. 15, 2020) (articulating that the bad faith exception is "limited in scope" and that courts must "construe the removal statute narrowly, resolving any doubts against removability"). At bottom, Defendants fail to show that Plaintiff's claims in this litigation were "so completely without merit so as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *McGhee-Lewis*, 2024 WL 3813321 at *9 (quoting *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986)).

### IV.    <u>Conclusion</u>

For the reasons set forth above, the undersigned respectfully recommends that this case be remanded to the New York State Supreme Court, Kings County.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to this Report and Recommendation must be filed within fourteen days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Chief Judge Brodie. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's

order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    Brooklyn, New York
           March 17, 2025                     **SO ORDERED.**

                                                           */s/ Joseph A. Marutollo*
                                                           JOSEPH A. MARUTOLLO
                                                           United States Magistrate Judge