UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

RALPH T. ELLIOTT,

                        Plaintiff,

          v.

JOSE JAQUEZ & MASTER MOVEMENT LLC,

                        Defendants.

**ORDER**
24-CV-6481 (MKB) (JAM)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ralph T. Elliott commenced this action against Defendants Jose Jaquez and Master Movement, LLC ("Master Movement") on August 21, 2023, in New York Supreme Court, Kings County. (Summons & Verified Compl. ("Compl."), annexed to Notice of Removal as Ex. 1, Docket Entry No. 1.) On September 16, 2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441, removing the action to the Eastern District of New York. (Notice of Removal, Docket Entry No. 1.) Defendants assert that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. (*Id.* ¶ 10.) On October 15, 2024, Plaintiff moved to remand the action to state court, and Defendants opposed the motion.[1] The Court referred the motion to remand to Magistrate Judge Joseph A. Marutollo on December 12, 2024 for a report and recommendation. (Order dated Dec. 12, 2024.)

      By report and recommendation dated March 17, 2025, Judge Marutollo recommended that the Court grant Plaintiff's motion ("R&R"). (R&R, Docket Entry No. 15.) For the reasons

---

[1] (Pl.'s Mot. to Remand ("Pl.'s Mot."), Docket Entry No. 9; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 9-19; Defs.' Opp'n to Pl.'s Mot. ("Defs.' Opp'n"), Docket Entry No. 12; Pl.'s Reply in Supp. of Pl.'s Mot. ("Pl.'s Reply"), Docket Entry No. 13.)

discussed below, the Court adopts the R&R and grants Plaintiff's motion to remand the action to New York State Supreme Court, Kings County.

**I.  Background**

Plaintiff alleges that on February 12, 2021, Jaquez was operating a truck leased to him by Master Movement when Jaquez "came into contact with Plaintiff's vehicle" and caused Plaintiff to "suffer[] serious and permanent injuries," which "purportedly [were] due entirely to Defendants' negligence, carelessness, and recklessness." (R&R 2; Compl. ¶¶ 28–32.) Plaintiff sued Defendants for damages in New York State court. (Compl. ¶¶36–37.) After several unsuccessful attempts at settlement, Defendants answered the Complaint, denying Plaintiff's allegations and arguing that Plaintiff failed to state a claim and that the Supreme Court lacked jurisdiction over Defendants. (Verified Answer, annexed to Notice of Removal as Ex. 2, Docket Entry No. 1.) On or around February 20, 2024, Plaintiff served Defendants with a Verified Bill of Particulars, stating that he incurred approximately $120,000 in medical costs, and that he would "provide any future expenses for medical care and attention upon discovery." (Aff. of Kimberly A. Lecci in Supp. of Pl.'s Mot. ("Lecci Aff.") ¶¶ 14–15, annexed to Pl.'s Mot. as Ex. 1, Docket Entry No. 9-1.)

On September 16, 2024, over one year after Plaintiff commenced this action in New York State Supreme Court and over six months after Plaintiff purportedly served Defendants with a Bill of Particulars, Defendants removed this action to the Eastern District of New York. (R&R 4.) Defendants state that the parties are completely diverse and that the amount in controversy exceeds $75,000, and therefore this Court has jurisdiction pursuant to 28 U.S.C. §1332. (*Id.*) On September 23, 2024, Plaintiff filed a letter motion requesting the Court *sua sponte* remand this action to New York State Supreme Court, Kings County, (Pl.'s Letter Regarding Untimely Removal, Docket Entry No. 7), and renewed his request as a motion to remand on October 15,

2

2024. (*See* Pl.'s Mot.) Plaintiff argues that Defendants (1) failed to attach "a copy of all process, pleadings, and orders served" in the New York State action in violation of 28 U.S.C. § 1446(a), (Pl.'s Mem. 3–5); (2) failed to adequately plead complete diversity in violation of 28 U.S.C. § 1332, (*id.* at 5–7); and (3) failed to timely remove the action in violation of 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), (*id.* at 7–19.) Defendants argued that (1) Master Movement is a New Jersey company with its principal place of business in New Jersey, resulting in complete diversity, (Defs.' Opp'n 3); (2) Plaintiff's "vague statement in the Complaint that his damages exceed the jurisdictional limits of 28 U.S.C. § 1332(a)" made it "impossible . . . to determine whether the action [was] removable" and thus did not trigger the thirty-day time limit for removal under 28 U.S.C. § 1446(a), (*id.* at 6–7); and (3) Plaintiff engaged in "gamesmanship and bad faith to prevent removal of the action" triggering the exception to the one-year limitation on removal under 28 U.S.C. § 1446(c)(1), (*id.* at 7–9).

On March 17, 2025, Judge Marutollo recommended that the Court remand this case to New York State Supreme Court, Kings County. (R&R 18.) Judge Marutollo concluded that "Defendants did not plead the citizenship of the members of Master Movement, and therefore have not met their burden of establishing complete diversity between themselves and . . . Plaintiff." (*Id.* at 10 (citations omitted).) Judge Marutollo explained that Defendants therefore "fail to establish 'the grounds of removal' under 28 U.S.C. § 1446(a)" and "provide no basis for this Court to assume subject-matter jurisdiction." (*Id.* at 11 (citations omitted).) Judge Marutollo also concluded that Defendants' removal was procedurally defective because they (1) "did not attach all the prior court orders in the state litigation" as required by 28 U.S.C. § 1446(a) (*id.* at 12–14); (2) failed to timely remove the action within thirty days of the filing of the original complaint as required by 28 U.S.C. § 1446(b)(1), (*id.* at 14–16); (3) failed to timely remove the action within one year of the filing of any amended pleadings as required by 28

3

U.S.C. § 1446(c)(1), (*id.* at 16–17); and (4) failed to demonstrate that Plaintiff acted in bad faith to trigger an exception to the one-year limitation for removal under 28 U.S.C. § 1446(c)(1), (*id.* at 18).

No objections to the R&R have been filed and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140,

4

155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

For the foregoing reasons, the Court remands the action to the Supreme Court of the State of New York, Kings County. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the New York Supreme Court, Kings County, and to close this case.

Dated: April 7, 2025
      Brooklyn, New York

                            SO ORDERED:

                            s/ MKB
                            MARGO K. BRODIE
                            United States District Judge